```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION


UNITED STATES OF AMERICA,        )
                                 )  3:10CR87
          Plaintiff,             )  OCTOBER 28, 2010
                                 )
     vs                          )
                                 )
ADRIAN PARKER,                   )
                                 )
          Defendant.             )
_____/

         TRANSCRIPT OF ELECTRONICALLY-RECORDED
                PLEA & RULE 11 HEARING

         BEFORE THE HONORABLE DAVID S. CAYER
             UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

FOR THE UNITED STATES     KEVIN ZOLOT, ESQ.
                          U. S. Attorney's Office
                          227 W. Trade Street
                          Suite 1700
                          Charlotte, NC 28202


FOR THE DEFENDANT         RICHARD L. BROWN, JR., ESQ.
                          309 Lancaster Avenue
                          Monroe, NC 28112



 Proceedings digitally recorded and transcript prepared by:

                  JOY KELLY, RPR, CRR
               U. S. Official Court Reporter
                 Charlotte, North Carolina
                       704-350-7495
```

|   |   |
|---|---|
| 1 | (Hearing commended at 11:08:36 a.m.) |
| 2 | THE COURT:  Mr. Parker, stand up there, sir. |
| 3 | MR. BROWN:  I'm sorry. |
| 4 | THE COURT:  Mr. Parker, stand up there, sir. |
| 5 | Sir, the clerk is going to place you under oath and |
| 6 | I'll ask you some questions about your plea. |
| 7 | (Defendant sworn.) |
| 8 | You may put your hand down, just remain standing |
| 9 | there, sir. |
| 10 | Do you understand that you are under oath and that |
| 11 | you are required to give truthful answers to the questions I'm |
| 12 | about to ask? |
| 13 | DEFENDANT PARKER:  Yes, sir. |
| 14 | THE COURT:  Do you understand that if you give false |
| 15 | information under oath, you may be prosecuted for perjury or |
| 16 | false statement? |
| 17 | DEFENDANT PARKER:  Yes, sir. |
| 18 | THE COURT:  After consulting with your attorney, do |
| 19 | you want the Court to accept your guilty plea to one count in |
| 20 | this Bill of Indictment? |
| 21 | DEFENDANT PARKER:  Yes, sir. |
| 22 | THE COURT:  Do you understand that you have the |
| 23 | right to have this proceeding conducted by a United States |
| 24 | district judge? |
| 25 | DEFENDANT PARKER:  Yes, sir. |

```
 1              THE COURT:  Recognizing your right to proceed before
 2   a district judge, do you expressly consent to proceed in this
 3   court, that is before a United States magistrate judge?
 4   (Pause)
 5              DEFENDANT PARKER:  Yes, sir.
 6              THE COURT:  Are you now under the influence of any
 7   alcohol or drugs?
 8              DEFENDANT PARKER:  No, sir.
 9              THE COURT:  Is your mind clear and do you understand
10   that you're here to enter a guilty plea that cannot later be
11   withdrawn?
12              DEFENDANT PARKER:  Yes, sir.
13              THE COURT:  Have you received a copy of the
14   indictment and have you discussed its contents with your
15   attorney?
16              DEFENDANT PARKER:  Yes, sir.
17              THE COURT:  Would you review the charge and the
18   penalty, Mr. Zolot?
19              MR. ZOLOT:  Thank you, Your Honor.
20              The defendant is pleading to Count One, which is a
21   drug conspiracy count in violation of Title 21, United States
22   Code, Section 846.
23              It charges that this defendant, along with
24   approximately ten other co-conspirators, conspired to possess
25   with intent to distribute crack cocaine in excess of 50 grams,
```

```
 1   which carries a minimum term of imprisonment of 20 and a
 2   maximum of life.  However, because the government has filed an
 3   851 notice and the defendant has prior qualifying offenses,
 4   the minimum term of imprisonment is 20, maximum of life.
 5               THE COURT:  Sir, do you fully understand the charge
 6   against you, including the minimum and maximum penalties you
 7   face if convicted?  (Pause)
 8               DEFENDANT PARKER:  Yes, sir.
 9               THE COURT:  Sir, what I understood the government to
10   say was that because they filed an information alleging you
11   have a prior record, that that makes the mandatory minimum
12   sentence 20 and the maximum sentence life.  Do you understand
13   that?
14               DEFENDANT PARKER:  No, sir.
15               THE COURT:  Sir?
16               DEFENDANT PARKER:  So that makes the mandatory
17   minimum sentence 20 years?
18               THE COURT:  Yes, sir, and the maximum sentence life.
19          (Pause)
20               MR. BROWN:  Your Honor, my client informs me that he
21   still wishes to plead.  However, he wishes to plead in a
22   straight up guilty plea and not according to the Plea
23   Agreement.  It is against my recommendation.  However, that is
24   his wish.  I don't think it necessarily would change the
25   mandatory minimums but ...
```

        MR. ZOLOT: Your Honor, the government did not file the second 851 notice because we had an agreed-upon plea. If the defendant is now moving to withdraw from the Plea Agreement, then at this time there's no negotiation. I would move to continue this because the government may indeed file that second 851, which makes it a mandatory life. Because we're giving up certain benefits in exchange for concessions made in the Plea Agreement. If the defendant is not willing to engage in this kind of negotiations, I believe I would have to go back and talk to my supervisors and also have further conversations with Mr. Brown.

        This case is on the docket for next week for trial. So it may be indeed that my supervisors say that I have to file that second 851, which subjects him to mandatory life in prison. So if there is some disagreement as to that, I think we have to put this off at this time until we have further discussions.

        THE COURT: Mr. Brown, given what you're saying and what Mr. Zolot is saying, I think we need to stop at this point and give you additional time to confer with him about, number one, this Plea Agreement; number two, what the government's representing to the Court now and decide what he wants to do. And if you decide you want to proceed with some type of plea, I'm sure we can work that in between now and the end of the week. But based on what I'm hearing, I don't think

```
 1   I should be proceeding with the plea colloquy at this point.
 2              MR. BROWN:  I understand, Your Honor.
 3              THE COURT:  So I'll just -- we'll take no action on
 4   it at this point, and Mr. Brown, if you want to reschedule it
 5   for a plea, just let Ms. O'Brien know.
 6              MR. BROWN:  Okay.  Your Honor, the Court has public
 7   businesses.  This may be something that I can clear up in the
 8   next ten minutes.
 9              THE COURT:  That's fine.  If you can, let us know.
10              MR. BROWN:  With permission that I --
11              THE COURT:  Yes, sir.  Yes, sir.
12           (Hearing suspended at 11:17:41 a.m. and reconvened
13   at 11:46 a.m.)
14              THE COURT:  Are you ready to proceed, Mr. Brown?
15              MR. BROWN:  Yes, sir.
16              THE COURT:  Mr. Parker, since we're starting over,
17   I'm going to have the clerk place you under oath again and
18   then we'll proceed.
19              (Defendant sworn.)
20           Sir, do you understand that you're under oath and
21   that you're required to give truthful answers to the questions
22   I'm about to ask?
23              DEFENDANT PARKER:  Yes, sir.  Yes, sir.
24              THE COURT:  Do you understand that if you give false
25   information under oath, you may be prosecuted for perjury or
```

```
 1   false statement?
 2            DEFENDANT PARKER:  Yes, sir.
 3            THE COURT:  After consulting with your attorney, do
 4   you want the Court to accept your guilty plea to one count in
 5   this Bill of Indictment?
 6            DEFENDANT PARKER:  Yes, sir.
 7            THE COURT:  Do you understand that you have the
 8   right to have a United States district judge conduct this
 9   proceeding?
10            DEFENDANT PARKER:  Yes, sir.
11            THE COURT:  Recognizing your right to proceed before
12   a district judge, do you expressly consent to proceed in this
13   court, that is before a United States magistrate judge?
14            DEFENDANT PARKER:  Yes, sir.
15            THE COURT:  Are you now under the influence of any
16   alcohol or drugs?
17            DEFENDANT PARKER:  No, sir.
18            THE COURT:  Is your mind clear and do you understand
19   that you're here to enter a guilty plea that cannot later be
20   withdrawn?
21            DEFENDANT PARKER:  Yes, sir.
22            THE COURT:  Have you received a copy of the
23   indictment and have you discussed its contents with your
24   attorney?
25            DEFENDANT PARKER:  Yes, sir.
```

1  THE COURT: Mr. Zolot, would you repeat the charge
2  and the penalty, please.
3  MR. ZOLOT: Thank you, Your Honor.
4  He's pleading to a drug conspires count in violation
5  of 21 United States Code, Section 846, in that the defendant
6  conspired with others to possess with intent to distribute
7  crack cocaine. Because of the drug amount and the defendant's
8  prior qualifying conviction, and the fact that the government
9  has filed one 851 notice, the defendant faces a mandatory
10 minimum of 20 years and a maximum of life imprisonment. I
11 believe it's a $8 million fine, if one is imposed, and a term
12 of supervised release.
13 THE COURT: Do you fully understand the charge
14 against you, including the maximum and minimum penalty you
15 face in convicted?
16 DEFENDANT PARKER: Yes, sir.
17 THE COURT: Have you spoken with your attorney about
18 how the U. S. Sentencing Guidelines may apply to your case?
19 DEFENDANT PARKER: Yes, sir.
20 THE COURT: Do you understand that the district
21 judge will not be able to determine the applicable Sentencing
22 Guideline range until after your Presentence Report has been
23 prepared and you have had an opportunity to comment on it?
24 DEFENDANT PARKER: Yes, sir.
25 THE COURT: Do you understand that in some

| | |
|---|---|
| 1 | circumstances you may receive a sentence that's different, |
| 2 | that is either higher or lower than that called for by the |
| 3 | Guidelines? |
| 4 | DEFENDANT PARKER: Yes, sir. |
| 5 | THE COURT: Do you understand that the Court may |
| 6 | order restitution where applicable? |
| 7 | DEFENDANT PARKER: Yes, sir. |
| 8 | THE COURT: Do you understand that if the sentence |
| 9 | is more severe than you expected or the Court does not accept |
| 10 | the government's sentencing recommendation, you'll still be |
| 11 | bound by your plea and you'll have no right to withdraw it? |
| 12 | DEFENDANT PARKER: Yes, sir. |
| 13 | THE COURT: Do you understand that parole has been |
| 14 | abolished, and if you're sentenced to a term of imprisonment, |
| 15 | you'll not be released on parole? |
| 16 | DEFENDANT PARKER: Yes, sir. |
| 17 | THE COURT: If your sentence includes imprisonment, |
| 18 | do you understand that the district judge may also order a |
| 19 | term of supervised release? |
| 20 | DEFENDANT PARKER: Yes, sir. |
| 21 | THE COURT: Do you understand that if you violate |
| 22 | the terms and conditions of supervised release, which |
| 23 | typically last from one to five years, you may return to |
| 24 | prison for an additional period of time? |
| 25 | DEFENDANT PARKER: Yes, sir. |

1  THE COURT: Do you understand that you have a right
2  to plead not guilty, to have a speedy trial before a judge and
3  jury, to summon witnesses to testify on your behalf and to
4  confront the witnesses against you?
5  DEFENDANT PARKER: Yes, sir.
6  THE COURT: If you exercised your right to trial,
7  you would be entitled to the assistance of a lawyer, you would
8  not be required to testify, you would be presumed innocent,
9  and the burden would be on the government to prove your guilt
10 beyond a reasonable doubt. Do you understand all of these
11 rights?
12 DEFENDANT PARKER: Yes, sir.
13 THE COURT: By entering this plea of guilty you're
14 waiving or giving up these rights and there will be no trial.
15 If your guilty plea is accepted, there will be one more
16 hearing where the district judge will determine whether
17 there's a factual basis for your plea and what sentence to
18 impose. Do you understand that?
19 DEFENDANT PARKER: Yes, sir.
20 THE COURT: Are you, in fact, guilty of the count in
21 this Bill of Indictment to which you've come to court today to
22 plead guilty?
23 DEFENDANT PARKER: Yes, sir.
24 THE COURT: Have the United States and the defendant
25 entered into a Plea Agreement in this case?

| | |
|---|---|
| 1 | MR. ZOLOT: Yes, Your Honor. |
| 2 | THE COURT: Would you summarize that, Mr. Zolot? |
| 3 | MR. ZOLOT: Thank you, Your Honor. |
| 4 | Pursuant to the Plea Agreement the defendant agrees, |
| 5 | and has in the process of pleading guilty to Count One |
| 6 | admitted, in fact, being guilty of that charge in that the |
| 7 | defendant conspired with all or some of the named conspirators |
| 8 | as well as others unnamed to distribute and possess with |
| 9 | intent to distribute crack cocaine. |
| 10 | Your Honor, in exchange for concessions made by the |
| 11 | defendant, the government agrees although the defendant has |
| 12 | two prior qualifying drug felony convictions that would raise |
| 13 | his mandatory minimum otherwise to life, in exchange for |
| 14 | concessions made by the defendant, the government foregoes the |
| 15 | filing -- has foregone the filing of one of the 851s that |
| 16 | would have, if filed, would have subjected him to a mandatory |
| 17 | life term. But because we are foregoing the filing of that, |
| 18 | his -- again just to clarify for the defendant, it's 20 years |
| 19 | to life. |
| 20 | With regard to the United States Sentencing |
| 21 | Guidelines and pursuant to Federal Rules of Criminal Procedure |
| 22 | 11(c)(1)(B) the parties stipulate that the amount of crack |
| 23 | cocaine known or reasonable by the defendant during and in |
| 24 | furtherance of the conspiracy was 50 but less than 150 grams. |
| 25 | Now, Your Honor, this is again that same type of |

```
 1   Plea Agreement that stipulates to a base offense level.
 2   However, since the time of the filing of the plea the law has
 3   changed as to the Sentencing Guidelines to the defendant's
 4   benefit, and his Guidelines will be lower now.
 5              So I'd ask the Court to just orally allow the
 6   government to strike these words, "Accordingly, the defendant
 7   should be assigned a base offense level of 30."
 8              THE COURT:  Do you agree with that, Mr. Brown?
 9              MR. BROWN:  Yes, sir, Your Honor.
10              THE COURT:  All right.  That's noted for the record.
11              MR. ZOLOT:  Thank you.
12              The parties agree to a three-point reduction for
13   acceptance of responsibility and timely notice of an intent to
14   plead.
15              The defendant and the United States agree either
16   party may seek a departure or variance from the advisory
17   Guideline range.
18        In exchange for concessions made by the United States in
19   this Plea Agreement, the defendant agrees to waive all rights
20   and contests his conviction an/or sentence except for claims
21   of prosecutorial -- claims of ineffective assistance of
22   counsel or prosecutorial misconduct.
23        The defendant agrees to provide substantial assistance to
24   the government and understands that the government only
25   desires truthful, complete and accurate information, and that
```

```
 1   a failure to provide truthful, accurate and complete
 2   information would result in a breach of the Plea Agreement.
 3        There are no other understandings, representations or
 4   agreements between the parties accept those set forth in the
 5   four corners of Plea Agreement, or notice to this Court during
 6   this plea colloquy.
 7        It's signed by myself, Mr. Brown, counsel for the
 8   defendant, and the defendant himself.
 9             THE COURT:  Do you understand those to be the terms
10   of your Plea Agreement and do you agree with those terms?
11             DEFENDANT PARKER:  Yes, sir.
12             THE COURT:  Does the right to appeal your conviction
13   a sentence been expressly waived in this Plea Agreement?
14             DEFENDANT PARKER:  Yes, sir.
15             THE COURT:  Has the right to challenge your
16   conviction and sentence in a postconviction proceeding also
17   been expressly waived in this Plea Agreement?
18             DEFENDANT PARKER:  Yes, sir.
19             THE COURT:  Is that your signature in the Plea
20   Agreement?
21             DEFENDANT PARKER:  Yes, sir.
22             THE COURT:  Has anyone threatened, intimidated or
23   forced you to enter a guilty plea today?
24             DEFENDANT PARKER:  No, sir.
25             THE COURT:  Other than the terms of your Plea
```

```
 1  Agreement, has anyone made you any promises of leniency or a
 2  light sentence to induce you to plead guilty?
 3              DEFENDANT PARKER:  No, sir.
 4              THE COURT:  Have you had enough time to discuss with
 5  your attorney any possible defenses you may have to this
 6  charge?
 7              DEFENDANT PARKER:  Yes, sir.
 8              THE COURT:  Are you satisfied with the services of
 9  your attorney in this case?
10              DEFENDANT PARKER:  Yes, sir.
11              THE COURT:  Is there anything you'd like to say at
12  this time about the services of your attorney?
13              DEFENDANT PARKER:  No, sir.
14              THE COURT:  Have you heard and understood all parts
15  of this proceeding, and do you still wish to plead guilty?
16              DEFENDANT PARKER:  Yes, sir.
17              THE COURT:  Do you have any questions or any
18  statements you'd like to make at this time?
19              DEFENDANT PARKER:  No, sir.
20              THE COURT:  Mr. Brown, have you reviewed each of the
21  terms of the Plea Agreement with the defendant and are you
22  satisfied that he understands those terms?
23              MR. BROWN:  Yes, sir.
24              THE COURT:  The Court will submit the transcript for
25  review and signature by counsel and the defendant.
```

1        The Court finds the plea to be knowingly and
2    voluntarily made and it is accepted.
3        MR. BROWN:  Thank you, Your Honor.
4        (Hearing concluded at 11:59:08 a.m.)
5                    - - - - - -
6
7    **UNITED STATES DISTRICT COURT**
     **WESTERN DISTRICT OF NORTH CAROLINA**
8
9
10                **CERTIFICATE OF REPORTER**
11        I, JOY KELLY, RPR, CRR, certify that the foregoing
12   is a true and correct transcription from the digitally
13   recorded proceedings transcribed by me to the best of my
14   ability in the above-entitled matter.
15
16
17
18   S/   JOY KELLY                        _____
19   **JOY KELLY, RPR, CRR**                          Date
     **U.S. Official Court Reporter**
20   Charlotte, NC
21
22
23
24
25