IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00676-FDW
(3:10-cr-00087-FDW-4)

| | |
|---|---|
| ADRIAN PARKER, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. No response is necessary from the Government. For the reasons that follow, Petitioner's § 2255 motion will be denied and dismissed.

I. BACKGROUND

On May 18, 2010, Petitioner and ten others were indicted by the Grand Jury in this District with participation in a long-running drug conspiracy. Petitioner was named in Count One of the indictment which alleged that he and his co-defendants conspired to possess with intent to distribute at least 50 grams of crack cocaine from 2007 until on or about May 17, 2010. (3:10-cr-00087, Doc. No. 3).[1]

Petitioner entered into a plea agreement with the Government agreeing to plead guilty to Count One. Petitioner acknowledged that he faced a mandatory minimum of 20 years

---

[1] A few months after the indictment was filed, the Government served Petitioner with notice pursuant to 21 U.S.C. § 851 that it would seek enhanced penalties based on Petitioner's 2006 state drug conviction for felony possession with intent to sell or distribute cocaine. (Id., Doc. No. 116).

1

imprisonment and a maximum term of life based on his prior 2006 state drug conviction, and the parties agreed to a joint recommendation that it was reasonably foreseeable to Petitioner that the conspiracy involved at least 50 grams but less than 150 grams of crack cocaine.

On October 28, 2010, Petitioner appeared with counsel before U.S. Magistrate Judge David S. Cayer for his Plea and Rule 11 hearing. Petitioner was placed under oath and the minimum and maximum penalties were explained by the Government. Petitioner averred that he understood the potential penalties, however when closely questioned by the court, Petitioner claimed that he no longer understood that he faced a mandatory minimum sentence of 20-years' imprisonment. At this point, the Government informed the Petitioner that if he wished to withdraw from the plea agreement then a second § 851 notice would be filed identifying at least one other felony drug conviction and the Government explained that if a second § 851 notice was filed and Petitioner was convicted on Count One, he would face a mandatory term of life imprisonment based on the two prior convictions.

The court recessed the hearing to allow Petitioner to confer with his counsel and the hearing resumed approximately 30 minutes later. The court began the hearing de novo and Petitioner was again placed under oath and he confirmed that he did in fact understand that he faced no less than 20-years imprisonment and a maximum term of life. Petitioner also averred that he understood the terms of the plea agreement and agreed with those terms. Petitioner stated that no one had forced, threatened or intimidated him into entering a guilty plea; that he was satisfied with services of his attorney; that he understood all parts of the Rule 11 hearing and he still wished to plead guilty. Based on these assertions, the court found that Petitioner's plea was knowing and voluntary and the plea was accepted and recorded. (<u>Id.</u>, Doc. No. 127: Acceptance

and Entry of Guilty Plea; Doc. No. 237: Tr. of Rule 11 Hearing).

Petitioner's sentencing hearing commenced on September 20, 2011. The Court addressed Petitioner and asked if Petitioner remembered appearing for his Rule 11 hearing and whether he had signed the acceptance of plea form which confirmed that he had given true and accurate answers under oath during the hearing. Petitioner explained that he not given true answers because he was under "arrest." Petitioner went on to explain that his counsel, Mr. Brown, had contacted his mother and threatened her by saying that if Petitioner did not accept the plea agreement, Petitioner would face a mandatory term of life imprisonment. Petitioner expressed great confusion at this point and complained that he was being illegally detained and made claims of innocence. The Court concluded that it would be in Petitioner's best interest if he were appointed new counsel because the attorney-client relationship had broken down due, in part, to what appeared to be a complete disbelief of his counsel's (entirely correct) advice regarding his potential sentence of life imprisonment if he was found guilty after a second § 851 notice had been filed.

The sentencing hearing was postponed and Haakon Thorsen was appointed as new counsel and he promptly requested that Petitioner be ordered to undergo a mental health evaluation. An order was entered and Petitioner was admitted to FCI Butner and underwent a series of tests and evaluations and following a hearing before U.S. Magistrate Judge David Kessler, Petitioner was found competent to proceed.

On Petitioner's request, Mr. Thorsen filed a motion to withdraw his guilty plea based on the change in law following the en banc decision in United States v. Simmons, 649 F.3d 237 (4th

3

Cir. 2011).[2] (Id., Doc. No. 243). The Government opposed the motion and the matter came on for hearing on November 27, 2012, and the motion to withdraw was denied because Petitioner failed to carry his burden of establishing a fair and just reason to allow the withdrawal.

A second revised presentence report (PSR) was prepared and the parties appeared for sentencing on January 13, 2013. The probation officer found that Petitioner was responsible for 987 grams of crack cocaine for his role in the trafficking conspiracy which resulted in a base offense level of 34, and two points were added because the evidence demonstrated that Petitioner carried a firearm while involved in the drug trafficking. After adjusting three-levels for acceptance of responsibility, the probation officer calculated a total offense level of 33 and a criminal history category IV, resulting in a Guidelines range of 188 to 235 months' imprisonment. (Id., Doc. No. 263). Petitioner was sentenced to a term of 210-months and he appealed to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. 269: Judgment).[3]

On appeal, Petitioner challenged the denial of his motion to withdraw his guilty plea, but the Court rejected this argument and affirmed Petitioner's judgment in a per curiam decision. See United States v. Parker, 539 Fed. App'x 228 (4th Cir. 2013) (unpublished), cert. denied, 134 S. Ct. 979 (2014). In this collateral proceeding Petitioner raises several claims of ineffective

---

[2] In the Fourth Circuit's en banc decision in United States v. Simmons, the Court held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could have been sentenced to a term exceeding one year. Simmons, 649 F.3d at 243-45 (emphasis added). In reaching this conclusion, the Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law], we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Simmons, 649 F.3d at 241 (quoting Harp, 406 F.3d at 246).

[3] An amended judgment was entered on March 20, 2013, to correct a clerical error. All other terms and conditions of the original judgment remained the same. (Id., Doc. No. 281: Amended Judgment).

4

counsel and he challenges the voluntary nature of guilty plea. Petitioner claims will be addressed herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment of the U.S. Constitution provides that a defendant is entitled to the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the

standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

    1.  Plea Negotiations

Petitioner first contends that his counsel was ineffective in failing to object to the § 851 notice during the plea negotiations. (3:14-cv-00676, Doc. No. 1 at 2-3).

Petitioner was indicted on May 18, 2010, and the Government filed its § 851 notice on October 15, 2010, and Petitioner entered his guilty plea on October 28, 2010. The en banc Simmons decision was not decided until August 17, 2011, and as previously noted, United States v. Harp was the controlling law in this Circuit until Harp was overruled by Simmons. Accordingly, because Harp was the controlling law at the time Petitioner negotiated his plea

6

agreement and entered his guilty plea, Petitioner's claim that his attorney was ineffective for failure to anticipate a change in the law must fail. See Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (no claim of ineffective assistance of counsel for failure to anticipate change in the law) (internal citations omitted).

      2.      Sentencing Hearing

Petitioner also contends that his counsel was ineffective in failing to challenge the § 851 notice at sentencing. This argument is without merit. The probation officer prepared a revised PSR after the Simmons decision was decided and he filed the PSR on August 30, 2011. In the revised PSR, the probation officer specifically notes that Petitioner's mandatory minimum term of 20-years to a maximum of life had been revised based on the Simmons decision because the 2006 drug conviction identified in the § 851 notice no longer qualified as a felony. (3:10-cr-00087, Doc. No. 211: PSR at 16). The probation officer calculated a new statutory range of no less than 10 years nor more than life imprisonment, and this finding was based on the drug quantity of 973 grams that the probation officer found was attributable to Petitioner, not his prior felony state drug conviction. (3:09-cr-00087, Doc. No. 211: PSR ¶ 8). See Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012) (noting the Fair Sentencing Act raised the threshold to trigger a 10-year mandatory minimum for trafficking in crack cocaine under 21 U.S.C. § 841(b) from 50 grams to 280 grams).

      3.      Fair Sentencing Act (FSA)

Petitioner again erroneously contends that the conviction identified in the § 851 notice was used to enhance his sentence and that he did not receive the benefit of the FSA's higher drug thresholds. The effect, as Petitioner argues, is that instead of being subject to a statutory range of

7

5 to 40 years' imprisonment, he was subject to a mandatory minimum term of 20-years based on the § 851 notice.

In Dorsey, the Court considered which defendants might benefit from the FSA, which as discussed above, increased the drug amounts that mandated certain statutory mandatory-minimum sentences for crack cocaine trafficking offenses. The Court concluded that "Congress intended the Fair Sentencing Act's new lower mandatory minimums to apply to post-Act sentencing of pre-Act offenders." Dorsey, 132 S. Ct. at 2335. Petitioner was indicted on May 18, 2010, and he therefore qualified as a pre-Act offender, and he was sentenced on January 14, 2013, after the effective date of the FSA, and the Court specifically noted during sentencing that Petitioner was receiving the benefit of the FSA and that his statutory range was 5 to 40 years' imprisonment. (3:10-cr-00087, Doc. No. 263: Sent. Tr. at 32-33). This argument will be overruled.

Petitioner also contends that his counsel was ineffective because he failed to argue that he should benefit from the FSA, but this argument is belied by the record. Prior to his January 2013 sentencing hearing, Petitioner's counsel filed an objection to the second revised PSR which found that Petitioner's statutory range was 10 years to life, and counsel argued that the new statutory range under the FSA of 5 to 40 years' imprisonment should apply. (Id., Doc. No. 261: Objection to Presentence Report ¶ 5). As noted, the Court agreed with this argument and found that Petitioner's statutory range was 5 to 40 years.

      4.    Drug Weight

Petitioner next argues that his counsel erred by failing to challenge the drug weight that was attributable to him. (3:14-cv-00676, Doc. No. 1 at 5). This argument is without merit.

8

Petitioner's counsel was able to strike a deal with the Government in an effort to limit the amount of drugs for which he was responsible to at least 50 grams but no more than 150 grams of crack cocaine and this was memorialized in the plea agreement. And as the evidence in the PSR shows, the probation offer found that that the drug amount attributable to Petitioner was 987 grams of crack cocaine thus Petitioner's counsel was able to negotiate a clearly favorable deal and limit Petitioner's sentencing exposure. Put simply, Petitioner is unable satisfy his burden of demonstrating ineffective assistance of counsel on this claim and it will be denied.

B.  Involuntary Guilty Plea

In his final claim for relief, Petitioner argues that his guilty plea was not knowing and voluntary. (Id. at 6).[4]

At the outset of Petitioner's January 2013 sentencing hearing, the Court addressed Petitioner regarding his decision to plead guilty and his participation in the Rule 11 hearing. Petitioner confirmed that each of the sworn answers that he provided during his Rule 11 hearing were true and that he would answer each of the questions presented in the hearing the same way during his sentencing hearing if those questions were posed again, and he again admitted that he was in fact guilty. Based on the Rule 11 proceedings, the Acceptance of Plea form that was signed by Petitioner, and Petitioner's statements during sentencing, the Court concluded that Petitioner's decision to plead guilty was in fact knowing and voluntary.

---

[4] Petitioner also argues that this Court erred in denying his motion to withdraw his guilty plea. This argument was rejected on direct appeal and it is well-settled that issues that have been decided adversely to a petitioner on direct appeal may not be renewed in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.")

A petitioner is bound by his sworn statements which he makes during a properly conducted Rule 11 hearing and as this Court has already found, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted and his decision to enter into the plea agreement and plead guilty, in exchange for valuable concessions by the Government, was knowing and voluntary. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is without merit and it will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 15, 2015

Frank D. Whitney
Chief United States District Judge