IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00035-FDW
(3:10-cr-00087-FDW-4)

| | | |
|---|---|---|
| ADRIAN PARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* "Motion under 599 Amendment" which the Court finds is in fact an unauthorized, successive § 2255 motion to vacate pursuant to 28 U.S.C. § 2255.[1] For the reasons that follow, Petitioner's § 2255 motion will be dismissed as successive.

I.    BACKGROUND

On October 28, 2010, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On January 14, 2013, Petitioner was sentenced to a term of 210-months' imprisonment and his judgment was affirmed on appeal. United States v. Parker, 539 Fed. App'x 228 (4th Cir. 2013), cert. denied, 134 S. Ct. 979 (2014). On or about December 8, 2014, Petitioner filed a § 2255 motion to vacate in which he raised claims of ineffective assistance of counsel and a claim that his guilty plea was not knowing and voluntary. The § 2255

---

[1] District courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation omitted).

1

motion was dismissed after the Court found that Petitioner's claims were without merit. Parker v. United States No. 3:14-cv-00676-FDW (W.D.N.C. May 18, 2015). The Fourth Circuit dismissed Petitioner's appeal from this order after finding that his notice of appeal was not timely filed. United States v. Parker, No. 15-7436 (4th Cir. Dec. 22, 2015).

In the instant motion, Petitioner contends that he is entitled to have his sentence vacated and he is entitled to be resentenced without the two-level enhancement which this Court applied pursuant to § 2D1.1(b)(1)(A) of the U.S. Sentencing Guidelines Manual, based on evidence that Petitioner carried a firearm during his drug trafficking crime. (3:10-cr-00087, Doc. No. 263: Presentence Report (PSR) ¶ 17). Petitioner filed an objection to the application of this two-level enhancement after being served with the PSR, (id., Doc. No. 261), and during sentencing the Government presented testimony from Agent Steven Parker which provided evidence that Petitioner had been witnessed carrying a firearm during the drug trafficking crime. Based on this evidence, the Court found that the two-level enhancement was applicable. (Id., Doc. No. 276: Sent. Tr. at 18-25). Notably, Petitioner did not raise a challenge to the two-level enhancement on direct appeal or in his first § 2255 collateral proceeding.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

In his motion for relief from his sentence, Petitioner is raising a claim that he could have presented on direct appeal as he had preserved it for appellate review by raising it prior to sentencing, or Petitioner could have raised this issue in his initial collateral proceeding although it may well have been dismissed as procedurally defaulted. In any event, Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to file a second, successive motion under Section 2255 to present his challenge to the two-level enhancement. Accordingly, this Court is without jurisdiction to consider his claim for collateral relief under Section 2255 and the motion will therefore be dismissed. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 203, 205 (2003).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: January 20, 2016

Frank D. Whitney
Chief United States District Judge