IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CR87

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| ADRIAN PARKER, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' RESPONSE OPPOSING RELIEF UNDER THE FIRST STEP ACT

Defendant Adrian Parker seeks a reduction in his sentence under the First Step Act of 2018, Pub. L. 115-135 (2018). Because Parker was sentenced after the effective date of the Fair Sentencing Act, he is not eligible for a sentence reduction, and this Court should deny his motion.

1. Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act increased the threshold quantities of crack cocaine that would subject a defendant

to particular mandatory-minimum sentences and eliminated the mandatory-minimum sentence that previously applied to simple possession of crack cocaine. 124 Stat. at 2372. Section 404(c) of the Act makes clear that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."

2. In October of 2010, after the August 3, 2010, effective date of the Fair Sentencing Act, Parker pleaded guilty to conspiracy to possess with intent to distribute at least 50 grams of crack cocaine, 21 U.S.C. § 846. WDNC Case No. 3:10CR87, Docs. 3, 123, 127. After a competency evaluation was requested and completed, this Court sentenced Parker in January of 2013 to 210 months in prison. *Id.*, Doc. 276 at 51. Applying the Fair Sentencing Act, this Court determined that Parker was subject to a sentencing range of between 5 and 40 years in prison. *Id.*, Doc. 270 at 1; *see also* 21 U.S.C. § 841(b)(1)(B) (2010) (providing for a statutory range of between 5 and 40 years in prison for an offense involving at least 28 but less than 280 grams of crack cocaine).

3. Parker received the benefit of the lower statutory sentencing range applicable to a drug-trafficking offense involving 50 grams of crack cocaine provided in the Fair Sentencing Act. Under section 404(c) of the First Step Act, therefore, he is not eligible for a reduction in his sentence.

RESPECTFULLY SUBMITTED, this the 4th day of June, 2020.

                    R. ANDREW MURRAY
                    UNITED STATES ATTORNEY

                    <u>s/Amy E. Ray</u>
                    Assistant United States Attorney
                    Room 233, U.S. Courthouse
                    100 Otis Street
                    Asheville, North Carolina  28801
                    Telephone:   (828) 271-4661
                    Fax:  (828) 271-4670
                    E-mail:  Amy.Ray@usdoj.gov

## CERTIFICATE OF SERVICE

I certify, on this 4th day of June, 2020, that a copy of the foregoing **Response Opposing Relief under the First Step Act** will be served upon Parker by serving him at his address as reflected in the Bureau of Prisons Inmate Locator.

s/Amy E. Ray
Assistant United States Attorney
USAO Asheville, NC