UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00087-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| ADRIAN PARKER, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's pro se Motion to Reduce Sentence (Doc. No. 423) under the First Step Act of 2018, Pub. L. 115-135 (2018). For the reasons which follow, Defendant's motion is DENIED.

I. **BACKGROUND**

On May 18, 2010, a federal grand jury returned a true Bill of Indictment against the Defendant. (Doc. No. 3). The Bill of Indictment charged Defendant with conspiracy to possess with intent to distribute cocaine. Id. On May 17, 2010, Defendant pled guilty to the offense of conspiracy to possess with intent to distribute cocaine. (Doc. No. 269, p. 1). Based on Defendant's conduct in the underlying case and his acceptance of responsibility, Defendant was subject to a guideline imprisonment range of 210 to 262 months in the custody of the Bureau of Prisons. (Doc. No. 270). Defendant was sentenced to 210 months of incarceration to be followed by four years of supervised release. Id.

On January 13, 2015, Defendant filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) Amendment 782 of the Sentencing Guidelines. (Doc. No. 314). On September 14, 2015, the Defendant's motion was granted and his previously imposed sentence of

1

imprisonment of 210 months was reduced to 168 months. (Doc. No. 343). Additionally, Defendant's offense level was amended from level 34 to level 32. Id.

## II. DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT

Defendant seeks a reduced sentence under section 402 of the First Step Act, which broadened the safety-valve relief available under 18 U.S.C. § 3553(f), and home confinement, presumably under section 603 of the First Step Act, which provides for judicial review of compassionate-release requests filed with the Bureau of Prisons and broadens the category of persons eligible for home confinement under the Second Chance Act of 2007, 34 U.S.C. § 60541(g). (Doc. No. 423).

The Government argues that the Defendant is not eligible for a reduction under section 402 of the First Step Act, because section 402 provides explicitly that the amendments to 18 U.S.C. § 3553 "apply only to a conviction entered on or after the date of enactment" of the First Step Act — December 21, 2018 — and the Defendant's convictions were final in 2010. (Doc. No. 425) Additionally, the Government argues that the Defendant is not eligible for relief under section 603 of the First Step Act for failure to assert that he has a physical or mental condition that "substantially diminishes" his ability to provide self-care. He has also not asserted that he has a terminal illness. He has not shown, therefore, that he has a medical condition warranting a reduction. Parker also has not shown that he is eligible for a reduction based on his age, because he is not 65 years old. (Doc. No. 211, p. 2).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may *not* modify a term of imprisonment once it has been imposed except that:

2

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

18 U.S.C. § 3582(c)(1)(A).

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>   (ii) The defendant is –
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
(C) Family Circumstances.
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3. Additional factors the court must consider when reducing sentences include "(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(2)-(3).

As a preliminary matter, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of

4

offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant committed a serious drug offense by conspiring to possess and distribute cocaine. (Doc. 269, p. 2). In addition to this serious drug offense, Defendant has a lengthy criminal history, which includes, but is not limited to, convictions for Resisting and Assaulting Law Enforcement Officers, Possession with Intent to Sell and Deliver Counterfeit Controlled Substances, Possession with Intent to Sell and Deliver Cocaine, and Possession of Marijuana. (Doc. No. 171, p. 7, p. 8, p. 9). In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. See 18 U.S.C. § 3582(c)(1). The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence of drug dealing. The Court must protect the public from the possible danger of Defendant's continued narcotics behaviors, when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's release is not warranted under the relevant § 3553(a) factors due to his potential danger to the public.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, and therefore, his Motion to Reduce Sentence (Doc. No. 423) under the First Step Act is DENIED.

### III.    DEFENDANT'S REQUEST FOR HOME CONFINEMENT

To the extent Defendant requests the Court release him to home confinement, the Court does not have authority to direct the BOP to do so. See 18 U.S.C. § 3621(b); Moore v. United

5

Case 3:10-cr-00087-FDW   Document 427   Filed 09/15/20   Page 5 of 6

States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement.... This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce Sentence (Doc. No. 423) is DENIED.

IT IS SO ORDERED.

Signed: September 15, 2020

Frank D. Whitney
United States District Judge