UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-509-FDW
(3:10-cr-87-FDW-4)

| ADRIAN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on *pro se* Petitioner's "Motion to Dismiss [Judgment] for Clerical Mistake" that was docketed as a Motion to Vacate pursuant to 28 U.S.C. § 2255.[1] (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

### I. BACKGROUND

Petitioner pled guilty in the underlying criminal case to a single count of conspiracy to possess with intent to distribute cocaine. (3:10-cr-87 (CR) Doc. No. 123). In a Judgment entered on January 23, 2013, Petitioner was sentenced to 210 months' imprisonment followed by five years of supervised release. (CR Doc. No. 269); see (CR Doc. No. 281)(Amended Judgment entered on March 20, 2013). The Fourth Circuit affirmed, United States v. Parker, 539 F. App'x 228 (4th Cir. 2013), and the United States Supreme Court denied certiorari, Parker v. United States, 134 S. Ct. 979 (2014).

In 2014, Petitioner filed a § 2255 Motion to Vacate raising several claims of ineffective

---

[1] No notice is required pursuant to United States v. Castro, 540 U.S. 375 (2003) before recharacterizing the Motion as a § 2255 petition because this is not Petitioner's first § 2255 petition.

1

assistance of counsel and challenging the voluntary nature of his guilty plea, case number 3:14-cv-676. The Court dismissed and denied the § 2255 Motion to Vacate on the merits. Parker v. United States, 2015 WL 2371644 (W.D.N.C. May 18, 2015). The Fourth Circuit dismissed Petitioner's appeal. United States v. Parker, 627 F. App'x 203 (4th Cir. 2015).

In 2016, Petitioner filed a "Motion under 599 Amendment" that the Court construed as an unauthorized second or successive § 2255 Motion to Vacate and dismissed for lack of jurisdiction, case number 3:16-cv-35. Parker v. United States, 2016 WL 270309 (W.D.N.C. Jan. 21, 2016). The Fourth Circuit dismissed Petitioner's appeal. United States v. Parker, 651 F. App'x 187 (4th Cir. 2016).

Petitioner has now filed the instant Motion, which was not signed under penalty of perjury and is largely illegible. He appears to claim that he was wrongfully prosecuted and seeks immediate release from Bureau of Prisons' custody.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

2

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

### III.  DISCUSSION

The instant Motion to Vacate is deficient in that it was not submitted on the § 2255 form, was not verified (signed under penalty of perjury), and is largely illegible.  Moreover, it appears to be an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court denied on the merits. He subsequently filed another *pro se* Motion seeking relief in his criminal case that was dismissed as an unauthorized successive § 2255 petition. Petitioner has now filed a third § 2255 petition and he does not allege that he has received permission from the Fourth Circuit a second or successive § 2255 petition or that any exception applies.  Accordingly, the instant Motion to Vacate will be dismissed as an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction.

### III.  CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

3

1. Petitioner's "Motion to Dismiss [Judgment] for Clerical Mistake" is construed as a § 2255 Motion to Vacate and is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 16, 2020

_____
Frank D. Whitney
United States District Judge